FRED W. JONES, Jr., Judge.
After a jury trial, the defendant, Caleb McDonald, was found guilty as charged of one count of distribution of marijuana and one count of distribution of Diazepam. Defendant was sentenced to serve four years imprisonment at hard labor on each count, with the sentences to run consecutively. Defendant appealed his convictions and sentences, relying upon two assignments of error. Finding merit in neither, for the reasons hereinafter explained, we affirm the convictions and sentences.
At the time of his arraignment on March 24, 1982, the defendant, represented by appointed counsel, William Armstrong, pleaded not guilty to both counts contained in the bill of information described above. Armstrong filed a Motion for Discovery on April 14, 1982. Included in the State’s response, filed on May 7, 1982, was a copy of a laboratory report showing that certain items submitted for examination in connection with this case had been analyzed on January 25, 1982 and that:
“The vegetable matter in Item # 1 was determined to be marijuana. Item # 2 was determined to contain Diazep-am, Schedule IV.”
Due to a conflict of interest which arose, Armstrong was permitted to withdraw as defendant’s counsel on May 12, 1982 and was replaced by another appointed counsel, Neal Johnson. On May 19, 1982 Johnson requested and was granted 15 days in which “to examine case and reurge motions.”
On June 3, 1982 Johnson filed various pleadings on behalf of defendant, including another discovery motion. The State’s response to this motion is not in the appellate record. However, defendant’s brief attaches a copy of a laboratory report assert-edly furnished to him by the State, dated January 21, 1982, in which the analysis showed:
“The vegetable matter in Item # 1 was determined to be marijuana. Item # 2 was determined to contain marijuana in a form commonly known as Hashish.”

Assignment of Error No. 1

During the trial, defense counsel objected to testimony by the State’s expert criminalist, Linda Armstrong, relating to her laboratory analysis on January 25, 1982 of the items seized in connection with this case, arguing that the laboratory report furnished to this defense counsel contained no mention of Diazepam and, consequently, that the State had not properly responded to his discovery motion. The trial judge overruled defendant’s objection and Mrs. Armstrong proceeded to testify concerning her laboratory analysis of the items in question.
In support of this assignment, defendant argues that when his first attorney withdrew and was replaced, proceedings prior thereto were abandoned by the trial court and defendant “was allowed to reurge his case anew.” It was further contended that his new defense counsel had no responsibility to examine the record to determine the response of the State to the first discovery motion.
This argument is devoid of merit. Defendant’s second attorney, who repre *153 sented him at the trial, was given a 15 day delay in the proceedings for the express purpose of permitting familiarization with the contents of the record. He never contended that this delay was inadequate nor requested additional time. Therefore, defendant’s trial counsel is chargeable with notice of the laboratory report filed by the State in response to the first Motion for Discovery.
Furthermore, defendant’s trial counsel was also advised, through the bill of information, that defendant was charged not only with the distribution of marijuana, but also of Diazepam. In addition, according to the trial court minutes a preliminary examination was held on June 7, 1982, at which Johnson appeared on behalf of the defendant and at which, in the ordinary course of events, the attorney would have been fully apprised of the description of the controlled dangerous substances defendant was charged with having distributed. Trial was not had until June 28, 1982.
Our discovery rules are designed to eliminate the unwarranted prejudice which could arise from surprise testimony. State v. Toomer, 395 So.2d 1320 (La.1981). There was no reason in this case for defense counsel to be surprised by the State’s evidence relating to Diazepam.
There also was no evidence that the State intentionally attempted to mislead defense counsel by its submission of the laboratory report dated January 21, 1982. As explained by the prosecuting attorney, that report was furnished in connection with another charge against this defendant.
For these reasons, we find no merit in this assignment.

Assignment of Error No. 2

During the course of the trial the defendant objected to the State’s introduction of a photocopy of the laboratory report dated January 25, 1982, contending that it was not the best evidence thereof. The trial judge overruled this objection.
Where the document offered in evidence is a mechanical reproduction of the original, admission over objection is reversible error only upon a showing that the contents of the purported copy do not accurately reflect those of the original. State v. Jackson, 296 So.2d 320 (La.1974). Defendant here did not attempt to make that showing.
Furthermore, any error in admitting the laboratory report would have been harmless since the document was simply cumulative to the testimony of Mrs. Armstrong, who had conducted the analysis. Consequently, this assignment lacks merit.

Decree

For the reasons stated, defendant’s convictions and sentences are affirmed.