PER CURIAM.
The defendant, John Dunn, was convicted by a jury of distribution of marijuana and sentenced to imprisonment at hard labor for four years. He has appealed, relying on three assignments of error.

Factual Context

On the last day of December, 1982, David Reed, a Jonesboro police officer, was working as an undercover agent in Winn Parish. During the course of his duties Reed encountered an individual named Barton at a bar. Following a conversation concerning the acquisition of marijuana, the two went to a private residence where they were shortly joined by the defendant.
Barton asked the defendant if he had any marijuana. The defendant allegedly replied in the negative but stated that he could procure some of the substance. Reed testified at the trial that he gave the defendant $30 and that Barton and defendant left the premises. They later returned and the defendant handed some marijuana to Reed.
Dunn was subsequently charged with the offense of distribution of marijuana.

Assignment of Error No. 1

Defendant contends that a proper foundation was not laid for introduction in evidence of the marijuana in question because the State did not establish that the marijuana transferred by Reed to the crime laboratory for analysis was obtained from Dunn.
To admit demonstrative evidence at trial the law requires that the object be identified. Identification can be visual, by testimony that the object exhibited is related to the case, or by showing chain of custody from time seized until offered in evidence. Identification is not required to be absolute, certain or wholly unqualified. Where there is some evidence for identification purposes, objection to the sufficiency goes to the weight rather than admissibility. For admission, it suffices if the preponderance of the evidence establishes that it is more probable than not that the object is connected with the case. State v. Sharp, 414 So.2d 752 (La.1982); State v. Davis, 411 So.2d 434 (La.1982).
In this case Officer Reed described his purchase of the marijuana from the defendant; its placement in a container with proper identifying description; and retention of the object in his locker in Jones-boro until transfer to the crime laboratory on January 3, 1983 for testing.
Susan Rutledge, a criminalist at the North Delta Crime Laboratory in West Monroe, described the receipt of the marijuana from Reed, its analysis as marijuana, and its preservation until the trial.
Under the circumstances, the State showed by this chain of custody that the marijuana in question was connected with the case. Therefore, the trial judge did not err in ruling that it was admissible in evidence.
This assignment of error is without merit.

Assignments of Error Nos. 1 and 3

In these assignments defendant argues the trial judge committed reversible error because of his refusal to instruct the jury on the subject of entrapment.
C.Cr.P. Article 802 obligates the trial judge to charge the jury as to the law applicable to the case. Under this rule, the trial judge is required to charge the jury, when properly requested, as to the law applicable to any theory of defense which the jurors could reasonably infer from the evidence. State v. Telford, 384 So.2d 347 (La.1980) and State v. Marse, 365 So.2d 1319 (La.1978). The issue presented by the defendant is whether or not the trial court was correct in finding that there was no evidence to support the special charge of the entrapment defense.
The law on entrapment as a defense is set forth in State v. Batiste, 363 So.2d 639 (La.1978):
*306 “Under the generally accepted view an entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not then otherwise disposed to do so. ALI Model Penal Code, Tentative Draft § 2.10; W. LaFave and A. Scott, Criminal Law, § 48 (1972). This view, which has been labeled the ‘subjective’ or ‘origin of intent’ test for entrapment, reflects the views espoused in majority opinions of the United States Supreme Court, Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). The lower federal courts are in accord. See, e.g., United States v. Esquer-Gamez, 550 F.2d 1231 (9th Cir. 1977); United States v. Garcia, 546 F.2d 613 (5th Cir.1977); United States v. Russo, 540 F.2d 1152 (1st Cir.1976); United States v. Jackson, 539 F.2d 1087 (6th Cir.1976). It is so called because it focuses attention on the defendant’s predisposition to' commit the offense as well as the actions of law enforcement officials. The inquiry under this test goes beyond the fact that criminal conduct was committed at the instance of law enforcement officials. Once government instigation is shown, the inquiry focuses upon the predisposition of the defendant. Under this test, the ultimate question is whether the inducement by the officers or the defendant’s own predisposition caused the criminal conduct in question. . See, 2 R. Cipes, Criminal Defense Techniques, §§ 30.01 et seq. (1976). States are not presently required by the federal constitution to recognize entrapment as a defense, but almost all have done so with a majority applying the ‘subjective’ approach.” (Emphasis added)
State v. Richards, 426 So.2d 1314 (La.1982) quoting State v. Batiste, supra.
Here the defendant denied selling marijuana to the police officer, Reed. Therefore, he never personally claimed entrapment. Reed stated that he merely handed the defendant $30 to procure some marijuana after the defendant told Barton he knew where some of the substance could be gotten.
It can thus be seen that there was no evidence at all that the undercover agent induced the defendant to engage in criminal conduct that he was otherwise not disposed to. Consequently, the trial judge did not commit error in his refusal to give the requested special instruction to the jury concerning entrapment.
These assignments of error lack merit. Decree
Defendant’s conviction and sentence are affirmed.