434 So.2d 517 (1983)
STATE of Louisiana, Appellee,
v.
Clovis Wiley HALL, Appellant.
No. 15447-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1983.
Rehearing Denied August 3, 1983.
*518 Caddo Parish Indigent Defender Office by Donald R. Minor, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge Asst. Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., R. Lee Irwin and Catherine Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, JASPER E. JONES and NORRIS, JJ.
HALL, Judge.
The defendant, Clovis Wiley Hall, was charged by bill of information with the offense of indecent behavior with a juvenile in violation of LSA-R.S. 14:81. After defendant's motion to suppress certain inculpatory statements was denied defendant pled guilty to the offense of contributing to the delinquency of a juvenile in violation of LSA-R.S. 14:92, reserving his right to appeal the denial of the motion to suppress under State v. Crosby, 338 So.2d 584 (La. 1976). The defendant was sentenced to one year imprisonment at hard labor, which sentence was suspended and defendant was placed on two years supervised probation with special conditions. The defendant appealed, assigning as error the trial court's denial of his motion to suppress inculpatory statements.
Defendant contends that the inculpatory statements made by him in a tape-recorded statement given during interrogation by a police officer should be suppressed because the statements were not free and voluntary, having been made under the influence of inducements or promises. Defendant contends and testified at the hearing on the motion to suppress that before the statements were recorded the police officer "stated they would go much easier if I gave a statement and cooperated with him."
The police officer testified that defendant was advised of his rights when arrested at the residence where the incident took place and then again after arriving at the sheriff's office, and the defendant signed a waiver of rights form. The officer testified that the defendant was very cooperative and testified specifically that the defendant was not promised anything if he would give a statement. On cross-examination the officer testified:
"Q. During that discussion with him did you not say to him that if he were to make a statement it could possibly make it easier for him?
"A. No, sir, I don't recall. No, sir, I don't recall at all."
On redirect examination the officer testified:
"Q. You said you don't recall making that statement. Do you recall not making that statement?
"A. No, sir, I don't recall that."
After the defendant testified, the officer gave the following testimony on rebuttal examination:
"Q. Sergeant Strother, if you had stated to the defendant, Wiley Hall, in this proceeding, before you took the statement that it would go much easier if he made the statement, do you think you would remember that now?
"A. I believe I would. I think that...

*519 "Q. Had you given him a statement it would go much easier if he gave the statement, would you remember that?
"A. I believe I would.
"Q. To your knowledge did you do so?
"A. I don't recall doing so. I think the only thing I related to Mr. Hall that his co-operation that everything would be probably a lot better than it would be waiting on the evidence from the crime lab and everything."
The officer's testimony and the tape-recorded statement disclose that the defendant freely discussed the incident, admitting that he had masturbated in front of and fondled a five-year-old girl with whom he was babysitting.
Before a confession may be introduced in evidence the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, inducements, or promises. LSA-R.S. 15:451; LSA-C.Cr.P. Art. 703(D). A confession is not rendered inadmissible by the fact that law enforcement officers exhort or adjure a defendant to tell the truth provided that the exhortation is not accompanied by an inducement in the nature of a threat or one which implies a promise of reward. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Mullins, 353 So.2d 243 (La.1977).
As a matter of federal constitutional law, a confession obtained by any direct or implied promises, however slight, or by the exertion of any improper influence must be considered involuntary and inadmissible. State v. Morvant, 384 So.2d 765 (La.1980); State v. Jackson, 381 So.2d 485 (La.1980); Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897). Even the slightest inducements held out by a person in authority such as a police officer or a prosecutor may render a confession involuntary. State v. Jackson, supra.
Confessions were held to be admissible in State v. Petterway, 403 So.2d 1157 (La. 1981) and State v. Dison, 396 So.2d 1254 (La.1981) where comments similar to those alleged to have been made in the instant case were made by police officers in the course of interrogation. In State v. Dison the sheriff admitting telling the defendant that "in the past, anybody that tried to help themselves, usually got help." A deputy had also told the defendant that if he cooperated the deputy would do what he could to help. The officers in that case also told the defendant they could not promise him anything. In State v. Petterway the deputy testified that he told the defendant that "things would go easier for him" if he cooperated. The court held that the deputy did not make a specific promise to the defendant or say anything which could be construed to be a promise. The court characterized the comment as follows:
"... Deputy Luce's comment to the effect that defendant would be better off if he cooperated is very much like the statement in Dison that if the accused cooperated the deputy would do what he could to help. Statements of this type, rather than being promises or inducements designed to extract a confession, are more likely musings not much beyond what this defendant might well have concluded for himself."
The comment of the police officer in the instant case that it would be better or things would be easier if the defendant cooperated and made a statement did not amount to a prohibited promise or inducement designed to extract a confession. The comment amounted to no more than a mild exhortation to tell the truth.
The comment in the instant case is readily distinguishable from the specific promises and inducements found in State v. Jackson, supra and State v. Morvant, supra, cited by the defendant, where comments of the police officers amounted to promises of immunity or freedom from prosecution.
*520 The state carried its heavy burden of proving beyond a reasonable doubt that the inculpatory statements given by the defendant were given freely and voluntarily and without the influence of inducements or promises. The motion to suppress was correctly denied and defendant's sole assignment of error is without merit.
Defendant's conviction and sentence are affirmed.
Affirmed.