463 So.2d 848 (1985)
STATE of Louisiana, Appellee,
v.
Johnny J. MAIDEN, Appellant.
No. 16688-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
Rehearing Denied February 22, 1985.
*849 Indigent Defender's Office by Ford E. Stinson, Jr., Benton, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, Henry Brown, Dist. Atty., James M. Bullers, Asst. Dist. Atty., Bossier City, for appellee.
Before MARVIN and SEXTON, JJ., and PRICE, J. Pro Tem.
PRICE, Judge Pro Tem.
The defendant, Johnny J. Maiden, appeals his conviction of two counts of simple burglary of an inhabited dwelling contrary to the provisions of LSA-R.S. 14:62.2. The defendant was sentenced to seven years at hard labor on each charge, to be served concurrently, one year of each term without benefit of probation, parole, or suspension of sentence. Finding no error by the trial court, we affirm.

FACTS
On October 11, 1982, the homes of Luke Boggs and Mrs. J.R. McCartney, both located on Thornton Road in Bossier Parish, were burglarized. Among the items missing from the Boggs's residence were a Browning automatic 12 gage shotgun, a Baretta automatic 12 gage shotgun, and a Marlin Winfield 22 caliber rifle. One of the items taken from the McCartney residence was a L.C. Smith 12 gage shotgun.
On November 29, 1982, the Shreveport Police Department arrested a William Parker for receiving stolen goods. Shreveport police officers searched Parker's apartment at the Quail Creek Apartments in Shreveport *850 and discovered numerous firearms. Among the items recovered were the guns missing from the Boggs and McCartney residences. Parker then identified the defendant in the present case as the person who had sold him the weapons which were owned by Luke Boggs and Mrs. McCartney.
At that time defendant was being held in the DeSoto Parish jail. After an interview with Bossier Parish sheriff's deputies, the defendant gave an oral statement confessing his involvement in the burglaries of the Boggs and McCartney residences. After trial by jury, the defendant was found guilty on both counts of simple burglary of an inhabited dwelling.
On appeal, the defendant filed the following assignments of error:
1. The trial court erred in admitting State Exhibit # 11 into evidence in that said exhibit was purportedly a copy of a rights card similar to that allegedly signed by defendant and thus to allow its introduction was contrary to the best evidence rule.
2. The trial court erred in admitting State Exhibit # 12 and # 13, alleged confessions by defendant, in that the State of Louisiana failed to affirmatively show that such confessions were free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises.
3. The trial court erred in not granting defendant's request for a mistrial when reference was made within the hearing of the jury, of other inadmissible crimes alleged to have been committed by defendant.
4. The sentence imposed was excessive and constitutes cruel and unusual punishment.

ASSIGNMENT OF ERROR NO. 1
By this assignment, the defendant contends that the trial court erred in admitting Exhibit S-11, a Miranda rights card, on the basis that the card was not the best evidence.
Under LSA-R.S. 15:436, the best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced. In the present case, the officers who testified stated that the Miranda rights card which the defendant had signed when they had initially interviewed him was lost. However, the officers did testify that Exhibit S-11 was an identical card to the Miranda rights card which they had read to and was signed by the defendant.
Introduction of Exhibit S-11 was not necessary to prove that the defendant had been given Miranda rights. Exhibit S-11 was only offered to show a card identical to the one which the defendant had signed. The card was not related to the offenses in the present case. The card was relevant only to the issue of whether the defendant had been given his Miranda rights prior to giving a statement to the police officers.
The record reflects that the trial court was fully aware that the card offered into evidence was not the card signed by the defendant. The officers testified that the original card was lost. Therefore, the best evidence was not available for introduction into evidence. The fact that Exhibit S-11 was not the original Miranda rights card simply goes to the weight of the evidence. We find this assignment of error to be without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant contends that the trial court erred in admitting Exhibits S-7 and S-13, alleged confessions by the defendant, on the basis that the state has failed to show that the confessions were freely and voluntarily given.
Under LSA-R.S. 15:451, before what purports to be a confession can be introduced in evidence, it must be affirmatively shown that the confession was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. The state has the burden of affirmatively proving that the *851 confession was free and voluntary. LSA-C.Cr.P. Art. 703. The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession will not be overturned on appeal unless such conclusions are not supported by the evidence. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Broadway, 440 So.2d 828 (La.App. 2d Cir.1983).
As a matter of federal constitutional law, a confession obtained by any direct or implied promises, however slight, or by the exertion of any improper influence must be considered involuntary and inadmissible. Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); State v. Morvant, 384 So.2d 765 (La.1980); State v. Jackson, 381 So.2d 485 (La.1980); State v. Hall, 434 So.2d 517 (La.App. 2d Cir.1983). Even the slightest inducements held by a person in authority, such as a police officer or a prosecutor, may render a confession involuntary. State v. Jackson, supra.
In the present case, the defendant contends that his confession was not free and voluntary for two reasons. First, the defendant contends that he was threatened and coerced into giving the confession due to the conduct of an officer from Texas. Additionally, the defendant contends that he was promised leniency by the Bossier Parish deputies in return for his confession.
The record reflects that the defendant's statements were given to Bossier Parish sheriff's deputies on December 1, 1982, while the defendant was incarcerated in the DeSoto Parish Jail. The Bossier Parish sheriff's deputies went to DeSoto Parish to interview the defendant regarding his involvement in the burglaries in Bossier Parish. The deputies testified that an officer from an East Texas County also was present when they interviewed the defendant. The Bossier Parish deputies testified that the officer from Texas told the defendant that his girlfriend was also implicated in the Texas burglaries and might also be arrested. At that point, the defendant became upset about the possible implication of his girlfriend, and an argument then developed between the defendant and the Texas deputy. Defendant then stated that he would not talk to the officer from Texas.
One of the Bossier Parish deputies, Deputy Anderson, the only black officer present, requested to privately talk to the defendant who was also black. Upon his request, the other officers left. Deputy Anderson then attempted to calm the defendant. Deputy Anderson testified that he told the defendant that he was concerned solely with the defendant's involvement in the burglaries in Bossier Parish. Deputy Anderson stated that while he was alone in the room with the defendant he never claimed that any of the defendant's charges would be dropped. Deputy Anderson testified that he stated to the defendant that he felt that the Lord would be lenient on the defendant if he would talk to him. After speaking with the defendant approximately ten minutes, the defendant agreed to cooperate with the Bossier Parish deputies.
In State v. Dison, 396 So.2d 1254 (La. 1981) the sheriff admitted telling the defendant that "in the past, anybody that tried to help themselves, usually got help." The Supreme Court found the defendant's confession to be admissible. In State v. Petterway, 403 So.2d 1157 (La.1981) the deputy testified that he told the defendant that "things would go easier for him" if he cooperated. The court held that the deputy did not make a specific promise to the defendant or say anything that could be construed to be a promise. Therefore, the court again found the confession to be admissible.
In the present case, any threat or coercion on the part of the deputy from Texas was dissipated by the conversation between the defendant and Deputy Anderson. Deputy Anderson testified that he had informed the defendant and the defendant had understood that he would not be forced to cooperate with anyone. The evidence also reflects that the deputy's *852 promise of leniency did not concern any of the defendant's legal rights, but was based solely upon the deputy's religious belief of the moral and spiritual rewards in trying to make up for wrongful conduct. The record does not reflect that the defendant was promised any leniency in the prosecution of the present case.
We find that the trial court's conclusion that the statements were given freely and voluntarily are supported by the evidence. Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment, the defendant contends that the trial court erred by not granting his motion for mistrial due to an improper reference to other crimes evidence on the part of a state's witness.
The record reflects that upon cross examination, defense counsel questioned Deputy Anderson about statements contained in the transcript of the statement given to Deputies Padgett and Anderson in the DeSoto Parish Jail. The transcript reflects the following question asked by defense counsel and answer given by Deputy Anderson:
Q. "And Deputy Padgett is questioning Johnny. This is on the Boggs burglary, now this is Deputy Padgett talking, not Johnny Maiden, this is Detective Padgett. Detective Padgett says, okay, now there were several guns taken and an eight track tape player, an old class ring, a wedding band, and a couple of bedspreads off the bed. You don't consider that suggesting an answer? Why was Johnny not allowed to tell what was taken out of the house?
A. I can say one reason its a possibility of that. Was because Johnny had broken into so many different places and he told us he had taken so much stuff.
Defense counsel immediately objected to the statement and moved for a mistrial. The trial court denied defendant's motion for a mistrial and admonished the jury that they were to disregard the last statement or last answer given by the witness.
Defendant contends that while he was on trial in the present case, he also had two additional burglary charges pending against him. Defendant contends that the comment by Deputy Anderson was an obvious reference to other crimes which were clearly not admissible as evidence. Therefore, the defendant contends that the trial court should have granted a mistrial under LSA-C.Cr.P. Art. 770(2). LSA-C.Cr.P. Art. 770(2) provides as follows:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment made within the hearing of the jury by the judge, district attorney, or a court official during the trial or in an argument, refers directly or indirectly to:
2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
In State v. Perry, 420 So.2d 139 (La. 1982), the Supreme Court found that under LSA-C.Cr.P. Art. 770(2) neither a state witness nor a deputy sheriff is a "court official" under Art. 770. Rather, the court found that LSA-C.Cr.P. Art. 771 is the applicable article in cases such as this.
LSA-C.Cr.P. Art. 771(2) provides in pertinent part as follows:
In the following cases, upon the request of the defendant or the state, the court shall promptly
admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and as such a nature that it might create prejudice against the defendant, or the state, or in the mind of the jury:
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Art. 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is *853 satisfied that an admonition is not sufficient to assure the defendant a fair trial.
A mistrial is a drastic remedy and should be declared only when there is unnecessary prejudice to the accused. The determination of whether prejudice has resulted lies within the sound discretion of the trial judge. State v. Smith, 430 So.2d 31 (La.1983). We do not find any abuse of the trial court's discretion in denying defendant's motion for mistrial. The remark of the witness did not substantially prejudice the rights of the defendant. The trial judge's admonition was sufficient to prevent any prejudice to the defendant's right to a fair trial.
Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
In this assignment, the defendant contends that the sentence imposed was excessive and constitutes cruel and unusual punishment. The trial court sentenced the defendant to serve seven years at hard labor on each count to run concurrently with each other but consecutive to any other sentences which may be imposed.
The defendant contends that while the sentence imposed is within the statutory limits, it is unconstitutionally excessive when considered in conjunction with certain mitigating factors such as his status as a first offender; his having earned a G.E.D.; and his having been honorably discharged from the United States Army after serving three years. Defendant contends that these factors should have been given greater weight by the court in imposing sentence.
A sentence is unconstitutionally excessive where it is grossly out of proportion to the severity of the crime or it is nothing more than a needless and purposeless imposition of pain and suffering. State v. Smith, 433 So.2d 688 (La.1983). The sentence of the trial court should not be set aside as excessive in the absence of a manifest abuse of discretion by the trial court. State v. Conn, 420 So.2d 1123 (La. 1982).
We find no abuse of the trial court's sentencing discretion in the present case. The defendant's sentences were well within the statutory limits. Defendant could have received a maximum possible sentence, under LSA-R.S. 14:62.2, of twelve years at hard labor on each count. Both sentences are justified considering the severity of the offenses. The record reflects that both residences were burglarized and ransacked in broad daylight. We do not find that the imposed sentences amount to a needless and purposeless imposition of pain and suffering, considering the defendant's extensive record of involvement in residential burglaries throughout this region. Therefore, this assignment of error is without merit.

DECREE
Finding no merit to defendant's assignments of error, the defendant's convictions and sentences are affirmed.
AFFIRMED.