KLIEBERT, Chief Judge.
The sole issue presented by this appeal is whether the sentence imposed upon the defendant by the trial court is excessive.
A brief procedural history of the matter is as follows:
The defendant, Randy DeSalvo, was charged by bill of information with four counts of simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. At arraignment on May 20, 1987 he entered a plea of not guilty; on June 17, 1987, he withdrew his not guilty plea and, in accordance with a plea agreement, entered a plea of guilty to three of the four counts charged in the bill of information. The district attorney then dismissed the remaining count as well as an additional bill of information which contained two counts. On August 5, 1987 the defendant was sentenced for each count to seven years at hard labor without benefit of parole, probation, or suspension of sentence, with the sentences being ordered to be served consecutively. A motion for rehearing was heard on September 9, 1987 and denied.
On appeal the sentence was reversed by this Court and the matter remanded for resentencing. On March 31, 1989 DeSalvo was resentenced, this time to twenty-one years at hard labor with the first year of each seven year segment to be served without benefit of probation, parole, or suspension of sentence.
After various post-trial proceedings, the Supreme Court of Louisiana granted to the defendant an out-of-time appeal to challenge the sentence as excessive. 598 So.2d 345.
It is acknowledged that the Louisiana Sentencing Guidelines were not in effect at the time of DeSalvo’s sentencing. *384 Urged in support of the argument that his sentence is excessive are the facts that he was eighteen years of age at the time the plea was entered, that he had no juvenile record and that “these were his first felony arrests.”
The record reveals that before sentencing the defendant, the trial judge ordered a pre-sentence investigation report. This indicated that he had a prior arrest for simple burglary from 1981 and he freely admitted committing numerous residential burglaries. At least six houses were burglarized and the offenses charged all occurred within a one month period, but do not appear to be part of a common scheme or plan. The defendant admitted that the burglaries were committed in order to support a cocaine habit. The houses would be entered at night with his partners and the property stolen later fenced with the defendant, according to his estimation, having received from $2,000.00 to $3,000.00 for' his share. The defendant also admitted to using substantial amounts of alcohol on a daily basis.
In reviewing a sentence for exces-siveness this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining the imposing sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Lynch, 512 So.2d 1214 (La.App. 5th Cir.1987). A sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Davis, supra; State v. Lynch, supra.
When reviewing a judge’s sentencing discretion, the court should consider three factors: (1) the nature of the crime; (2) the nature and background of the offender, and (3) the sentence imposed for similar crimes by the same court and other* courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5th Cir.1988), writ denied, 523 So.2d 1320 (La.1988).
The nature of the crimes committed and the background and nature of the defendant’s lifestyle have been pointed out. A review of the jurisprudence shows that similar sentences have been upheld for simple burglary of an inhabited dwelling. In State v. Conn, 420 So.2d 1123 (La.1982), the Louisiana Supreme Court upheld sentences of six years at hard labor and seven years to hard labor which were imposed on co-defendants, and the First Circuit upheld a sentence of twelve years at hard labor on each of three counts, to run concurrently, in State v. Glasper, 446 So.2d 911 (La.App. 1st Cir.1984). Also, in State v. Maiden, 463 So.2d 848 (La.App. 2nd Cir.1985), the Second Circuit upheld a sentence of seven years at hard labor on each of two counts of simple burglary of an inhabited dwelling, to run concurrently with each other. Like DeSalvo, the defendant in Maiden was a first offender with an extensive record of involvement in residential burglaries. Thus, it appears that the seven year sentences imposed in this case were not excessive.
However, it must be noted that the sentences imposed in the above cases were to run concurrently with each other, but the sentences imposed in the present case were to run consecutively.
LSA-C.Cr.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences or imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
As pointed out previously, the three offenses to which DeSalvo pled guilty do not appear to be part of the same act transaction or part of a common scheme or plan. The offenses occurred over a one month period and appear sufficiently separate and *385 distinct to justify consecutive sentences. See State v. Davis, 528 So.2d 615 (La.App. 2nd Cir.1988) and State v. Pruitt, 474 So.2d 491 (La.App. 4th Cir.1985). Therefore, it appears that the requirement for concurrent sentences under Article 883 does not apply, and the imposition of consecutive sentences was appropriate in this case.
The record reveals no errors patent and for the reasons assigned the sentence appealed from is affirmed.
AFFIRMED.