634 So.2d 953 (1994)
STATE of Louisiana, Appellee,
v.
Tracy D. FOWLKES, Appellant.
No. 25870-KA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
*954 Richard E. Hiller, John M. Lawrence, Indigent Defender Bd., Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Theresa H. Bloomfield, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before SEXTON, WILLIAMS and PRICE (ad hoc), JJ.
WILLIAMS, Judge.
The defendant, Tracy Fowlkes, was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. After trial by a jury, he was found guilty as charged. Defendant was subsequently adjudicated a multiple offender and was sentenced to eight years imprisonment at hard labor. On appeal, defendant questions the admissibility of his oral inculpatory statement and the sufficiency of the evidence to support his conviction. For the reasons assigned below, we set aside the defendant's conviction and sentence and remand the case for a new trial.

FACTS
On April 12, 1992, at approximately 5:30 a.m., Stanley Simpson was parked on the *955 corner of Ford Street and Pier Avenue in Shreveport, Louisiana, when he noticed a man dressed in dark clothing walking north on Pier Avenue toward Kelly's Fish Market. Ten minutes later Simpson heard the sound of an alarm coming from the area where the market was located. He saw light in the market and someone moving around in the store. A short time later, Simpson saw the individual wearing the dark clothing walking away from the store. He noticed the individual was walking with a limp and was holding a bag as he proceeded south on Pier Avenue.
With the police arrived, Simpson informed them that he had seen someone in dark clothes, who was walking with a limp and holding a bag, proceeding south on Pier Avenue after the alarm sounded. Officer J.R. Ogden drove his patrol car down Pier Avenue and saw a man, carrying a bag who fit the description provided by Simpson. When Officer Ogden stopped his car, the defendant began to run and eventually threw down the bag that he was carrying. Officer Ogden stopped the defendant and arrested him. Sixty-eight packages of cigarettes, a roll of film and two cassette tapes were discovered in the bag.
At a hearing on the motion to suppress and at trial, Officer Ogden testified defendant was informed of his Miranda rights at the time of arrest and while en route to the police station. On each occasion, defendant did not respond. Later, while defendant was being booked, Officer Ogden asked the defendant how he had gained entry into the store. The defendant answered that he had used his hands. After this oral inculpatory statement, the defendant was advised of his Miranda rights a third time and was asked to sign a card that acknowledged that he had been informed of his rights and that he waived his rights. Defendant refused to sign the card.
On appeal, defendant contends the trial court erred in denying his motion to suppress the statement. He also challenges the sufficiency of the evidence to support his conviction for simple burglary.

DISCUSSION
When issues concerning the sufficiency of the evidence and trial errors are raised on appeal, the sufficiency of the evidence should be determined first. The sufficiency of the evidence should be reviewed first because the accused may be entitled to an acquittal or reduction of the conviction to a judgment of guilty of a lesser and included offense if the evidence, including inadmissible evidence that was erroneously admitted, is insufficient to support the conviction. State v. Hearold, 603 So.2d 731 (La.1992).
However, if the admissible and inadmissible evidence are sufficient to support the conviction, the assignments of trial error must be considered to determine whether the accused is entitled to a new trial. If there has been trial error that was not harmless and the entirety of the evidence was sufficient to support the conviction, then the accused must receive a new trial. The accused is not entitled to an acquittal even though the admissible evidence, considered alone, was insufficient. Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); State v. Hearold, supra.
Accordingly, the first issue presented for review is whether all of the evidence submitted is sufficient to support defendant's conviction.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App.2d Cir.1992), writ denied, 605 So.2d 1089 (La.App.2d Cir.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. The statutory rule as to circumstantial evidence is, "assuming every fact to be proved that the evidence tends to prove, in order to convict, the evidence must exclude every reasonable hypothesis of innocence." LSA-R.S. 15:438. However, this statutory rule for circumstantial evidence *956 does not provide a separate test from the Jackson standard whenever the prosecution relies upon circumstantial evidence to prove an element of the offense. State v. Wright, 445 So.2d 1198 (La.1984); State v. Eason, 460 So.2d 1139, (La.App.2d Cir.1984), writ denied, 463 So.2d 1317 (La.1985).
Although the circumstantial evidence rule may not establish a stricter standard of review than the more general rational jurors' reasonable doubt formula, it does emphasize the need for careful observation of the usual standard and provides a helpful methodology for its implementation in cases that hinge upon the evaluation of circumstantial evidence. State v. Wright, supra; State v. Eason, supra.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-La. Const. Art. 5 § 5(C); State v. Williams, 448 So.2d 753 (La.App.2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App.2d Cir.1986), writ denied, 499 So.2d 83 (La.1987).
To prove simple burglary, a violation of LSA-R.S. 14:62.2, the state must show defendant entered Kelly's Fish Market without authorization and with the intent to commit a felony or theft. Defendant argues the state failed to prove he committed simple burglary because the evidence does not show he entered the market or he obtained the items found in his possession from the market.
The eyewitness, Stanley Simpson, testified that he saw a man in dark clothes walking toward the market. Ten minutes later, he heard the sound of an alarm coming from the area where the market was located. He saw a light and someone moving around in the store. A short time later, Simpson saw the person with the dark clothes walking away from the store. He noticed that the individual was walking with a limp and was holding a bag as he proceeded south on Pier Avenue. Simpson could not identify the defendant because he did not see his face. He had only noticed the defendant's clothes, his limp and the bag he was carrying. Simpson did not see the defendant enter or exit the market.
Officer Stephen Pfender investigated the scene of the break-in. He testified that the perpetrator entered the market through a window that had been previously broken and covered with a wooden board. Fingerprints were not obtained because the dried, old wooden surface was difficult to fingerprint. However, Officer Ogden testified that during the booking procedure, the defendant admitted he had used his hands to enter the market.
Harold Leeds, Jr., manager of the market, testified that the market was not open for business on Sunday at 5:30 a.m., and the defendant did not have permission to enter the market. He also testified that the cigarettes recovered from the defendant's bag came from the market. Cigarettes were missing from the rack where they were displayed, and there was a trail of cigarettes on the floor. Leeds also testified that a cassette tape found in the defendant's possession belonged to one of his employees.
The evidence presented at trial shows that the defendant was seen walking toward and away from the market. When the defendant was apprehended by the police, he was carrying a bag containing items that had been removed from the market. Additionally, the defendant told the arresting officer he had used his hands to break into the market. The defendant's statement, if admissible, could provide a basis for a rational trier of fact to conclude beyond a reasonable doubt that the defendant entered the market. The remaining evidence, when viewed in a light most favorable to the prosecution, shows that the defendant entered the market with the intent to commit a theft.
Thus, if it is determined that the defendant is entitled to a reversal of the conviction because his admitted oral inculpatory statement was inadmissible, he is not entitled to an acquittal based on the insufficiency of the overall evidence. If the statement was properly admitted, the conviction will stand; but if the statement was inadmissible and its *957 admission was not harmless error, the conviction will be reversed and a new trial ordered.
Defendant was advised of his Miranda rights when he was arrested and again advised of his rights while en route to the police station. On both occasions, he remained silent. While defendant was being booked at the police station, Officer Ogden asked the defendant how he had gained entry into the market and the defendant responded that he had used his hands. After defendant made this inculpatory statement, he was informed of his Miranda rights a third time and was asked to sign a card acknowledging that he had been advised of his rights and waived his rights. Defendant refused to sign the card.
Defendant argues that his statement was inadmissible because it was improperly induced by Officer Ogden. He argues that Officer Ogden should not have asked him any questions since he remained silent after he was Mirandized. He asserts his silence showed that he did not want to give a statement to the police.
The state argues defendant's oral inculpatory statement was admissible because it was freely and voluntarily given and because he was neither coerced, threatened nor promised anything in return for his statement.
The test set forth in LSA-R.S. 15:451 for determining whether a confession is voluntary is not the first step in our analysis of whether defendant's statement is admissible. When an accused has been questioned in a custodial environment, the prosecution is required to establish that his interrogation followed the dictates of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). State v. Simmons, 443 So.2d 512 (La.1983).
Here, after the defendant's arrest and while he was being booked at the police station, the arresting officer asked defendant how he had entered the market. This constitutes custodial interrogation because it was questioning initiated by a law enforcement officer subsequent to the arrest or deprivation of the defendant's freedom of action. Miranda, supra. When a statement made during custodial interrogation is sought to be introduced into evidence, the state bears the heavy burden of showing that the defendant knowingly and intelligently waived his privilege against self-incrimination and the right to counsel. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1979); State v. Brown, 384 So.2d 425 (La.1980).
Granted, the waiver of Miranda rights need not be explicit and may be inferred from the circumstances surrounding the statement. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); State v. Brown, supra. However, a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that an inculpatory statement was eventually obtained. Miranda, supra.
In the instant case, defendant remained silent after he was given his Miranda rights on two occasions. His subsequent incriminating statement was not spontaneously given; it was the result of questioning by Officer Ogden. The state failed to meet its heavy burden of showing the defendant either said or did something to indicate a waiver. Thus, his inculpatory statement was inadmissible. We conclude the trial court erred in denying defendant's motion to suppress his statement.
Our next inquiry is whether the admission of defendant's statement contributed to the verdict. The proper standard to make this determination is whether there is a reasonable possibility that the error might have contributed to the verdict, and whether the reviewing court is prepared to state beyond a reasonable doubt that it did not. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Romero, 574 So.2d 330 (La.1990); State v. White, 559 So.2d 541 (La.App.2d Cir.1990).
Defendant was seen walking on Pier Avenue in the direction of the market before an alarm sounded and walking on the street away from the market after an alarm sounded. The eyewitness did not see the defendant enter or leave the market. There were no fingerprints or any other physical evidence *958 to prove defendant had been inside of the market. When defendant was apprehended, he had items stolen from the market in his possession.
All of the evidence presented is circumstantial. Defendant's statement appears to have been an important part of the state's case. Without the statement, there is absolutely no evidence that the defendant entered the market. In closing argument, the prosecutor told the jury, "[I]f you'll remember correctly, the defendant even told Officer Ogden how he got inside. He used his hands to get inside the business. What more do you need." Without the defendant's statement, the circumstantial evidence presented does not exclude every reasonable hypothesis of innocence as to why defendant was in possession of the stolen items. On this record, we cannot conclude beyond a reasonable doubt that the introduction of the defendant's statement did not contribute to the jury's verdict. Thus, we are unable to hold that the error in admitting defendant's statement was harmless.
The defendant's conviction and sentence are set aside. The trial court's ruling denying defendant's motion to suppress is reversed and the case is remanded to the trial court for further proceedings.
CONVICTION AND SENTENCE SET ASIDE. MOTION TO SUPPRESS GRANTED. REMANDED.
SEXTON, J., dissents and assigns written reasons.
SEXTON, Judge, dissenting.
In the trial court, the defendant attacked the instant statement on the basis that it was not freely and voluntarily given. It clearly was. Now the defendant claims he did not waive his Miranda rights in giving the statement. Implicit in the arresting officer's testimony is that the defendant understood his rights which were rendered on two occasions prior to the giving of the statement. I view his statement as implicitly waiving his Miranda rights under the instant circumstances. The fact that he later refused to sign a rights card is, in my view, of no moment in evaluating this issue. State v. Boudreaux, 471 So.2d 1021 (La.App. 1st Cir. 1985).