715 So.2d 96 (1998)
STATE of Louisiana, Appellee,
v.
Athalee BROWN, Jr., Appellant.
No. 30782-KA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
Indigent Defender Office by Christopher B. Joffrion, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, Kia Habisreitinger, Assistant District Attorneys, for Appellee.
Before HIGHTOWER, STEWART and GASKINS, JJ.
STEWART, Judge.
The defendant, Athalee Brown, Jr., was charged with possession of a Schedule II, Controlled Dangerous Substance, cocaine. The jury, with a unanimous verdict, found the defendant guilty as charged and he was sentenced to two years at hard labor. The defendant appeals, urging that his confession was induced by promises or inducements by the arresting officers and should not have been admitted. Finding that the confession was freely and voluntarily given, we affirm.

FACTS
On September 19, 1996, Officers Brian Wynn and Brian Wheeler of the Shreveport Police Department stopped a vehicle operated by the defendant, Athalee Brown, Jr. (Brown). The officers became suspicious after observing Brown leaving a vacant lot and entering his car parked nearby. The officers pulled in behind him and observed that Brown failed to use a turn signal prior to executing a turn. They stopped Brown for a traffic violation. Officer Wynn noted the smell of an alcoholic beverage on Brown's breath, but testified on cross-examination that he did not believe Brown to be impaired. Brown consented to a search of his vehicle.
During the search, Officer Wynn discovered a marble size "rock" of crack cocaine weighing one tenth (.1) of a gram. A field test of the substance showed it to be cocaine. Brown was arrested and read his Miranda rights. He was questioned at the scene by Officer Wynn and later by Officer Wheeler. *97 Brown admitted that he bought the crack cocaine in the area and that he was taking it to a friend girl. At this point, Brown was transported to the Shreveport Police Department and booked on simple possession of a Schedule II, Controlled Dangerous Substance in violation of La. R.S. 40:967(c).
Prior to trial, a hearing was held pursuant to La. R.S. 15:451 to determine whether there was sufficient proof to show that a statement made by Brown at the scene of the arrest was freely and voluntarily given and would be admissible at trial. The trial court found that the evidence was sufficient to establish that the confession was made freely and voluntarily and not under any influence of fear, duress, intimidations, menaces, threats, inducements, or promises. Furthermore, the trial court determined that there was no affirmative evidence to establish that there was any kind of promise by the officers in connection with Brown giving the statement. The court admitted the statement for the purposes of the jury reviewing it as to its weight.

CONFESSION NOT FREELY AND VOLUNTARILY GIVEN
The defendant, Brown, urges that the trial court erred in finding that his confession was freely and voluntarily given and admissible into evidence. Brown argues that he initially denied knowledge of the narcotics, that Officer Wynn acted as if he did not believe him, that he made the inculpatory statement when Officer Wynn indicated that the situation did not look good for him and that he might be able to help him if he told him where the narcotics came from.
Brown further asserts that these statements were made not because they were true but because he believed that if he told Officer Wynn where he got the narcotics he would be released. Officer Wheeler was searching the vehicle as this conversation took place and testified that he was not present for at least three (3) minutes of the interrogation. At this point, Brown had not been booked, no paper work had been done and the ticket had not been written for the traffic violation. Therefore, the police officers still had sole discretion as to Brown's fate.
Brown further contends that his confession was induced by the direct promise of help from Officer Wynn and the promise that he might be released implied by the officer and the circumstances. In support of his position, Brown argues that confessions obtained through "any direct or implied promises, however slight, (or) by the exertion of any improper influence are involuntary and inadmissible as a matter of constitutional law." Bram v. United States, 168 U.S. 532, 542-45, 18 S.Ct. 183, 187, 42 L.Ed. 568 (1897). An examination of the totality of the circumstances including an assessment of the accused state of mind is used in this analysis. State v. Serrato, 424 So.2d 214 (La.1982).
However, during their testimony, the officers denied making any menaces, threats, inducements or promises to obtain any statement and stated that the interview lasted five minutes. The officers characterized Brown as cooperative during the interview. On cross-examination, Officer Wynn denied having offered to help Brown in order to induce a statement and denied that the other officer present, Brian Wheeler, had made any such offers.
Officer Wheeler, confirmed the testimony of Officer Wynn regarding the events of that evening. Officer Wheeler testified that Brown had explained that he was in the vacant lot searching for an empty can with which to make a "crack pipe." Wheeler denied offering help to the appellant if he gave information about the source of the drug. He indicated that he and Officer Wynn were separated briefly while he was conducting the search of the car, but that he did not recall Wynn making any offer of help to Brown in return for a statement.
The trial court found that the statement was freely and voluntarily given in compliance with La. R.S. 15:451 and admitted the statement into evidence. Further, the trial court found no affirmative evidence tending to establish that there were any promises in connection with the giving of the statement and that "the defendant in his statement assumed certain things from the officers."
The officers testified before the jury, with no substantial variations in their testimony *98 from those elicited at the hearing outside the jury's presence. On cross-examination, Brown admitted that he told the officers that he had purchased the cocaine for $10.00 for a "friend girl" in order to have sex with her.
Before a confession can be introduced into evidence, the state must affirmatively prove that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451; La.C.Cr.P. art. 703 D; State v. Sepulvado, 93-2692, p. 4 (La.4/8/96), 672 So.2d 158, 163. The state must also establish that an accused who makes a statement during custodial interrogation was first advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See, e.g., State v. Fowlkes, 25,870, p. 7 (La.App.2d Cir. 3/30/94), 634 So.2d 953, 957. State v. Walker, 28,577 (La.App. 2d Cir.10/4/96), 681 So.2d 1023, 1029 (La. App.2d Cir.1996).
Whether a showing of voluntariness has been made is analyzed on a case-by-case basis with regard to the facts and circumstances of each case, and the trial judge must consider the "totality of circumstances" in deciding whether the confession is admissible. State v. Benoit, 440 So.2d 129 (La.1983); State v. English, 582 So.2d 1358 (La.App. 2d Cir.1991), writ denied 584 So.2d 1172 (La. 1991). The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession are entitled to great weight and will not be overturned on appeal unless they are not supported by the evidence. State v. Taylor, 422 So.2d 109 (La. 1982).
In State v. Shepherd, 449 So.2d 1120 (La. App. 5 Cir.1984), the court held a comment by a police officer, that it would go easier on the defendant if he confessed, did not contain an implied promise of leniency so as to render the defendant's inculpatory statement involuntary but was merely a mild exhortation to tell the truth. The same result was reached in State v. Hall, 434 So.2d 517 (La. App. 2 Cir.1983), writ denied, 440 So.2d 759 (La.1983); and State v. Petterway, 403 So.2d 1157 (La.1981), where a police officer commented it would be better or things would be easier if defendant cooperated. "Statements of this type, rather than being promises or inducements designed to extract a confession, are more likely musings not much beyond what this defendant might well have concluded for himself." State v. Petterway, supra at 1160.
In the present case, the trial judge apparently accepted the police officer's testimony that he made no such statements. That decision is entitled to great weight on appeal and should not be overturned unless unsupported by the evidence. There is no argument by the defendant that intoxication may have played a part in the giving of the statement. The only assertion is that there was an inducement. The evidence in this case shows that the defendant should have understood his Miranda rights, that the defendant's prior convictions show he has been Mirandized before and that he understood the effect of waiving those rights.
We find that the record supports the trial court's finding that no inducements were offered, and that the statement of the defendant was inspired by his belief that the giving of a statement would result in his release. We find the statement was freely and voluntarily given, and properly admitted.
This assignment of error is without merit.

ERROR PATENT
The defendant's final assignment is a request for this court to review the record for errors patent. A review of the record for errors patent is made automatically in all criminal cases. State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993), modified on other grounds, 624 So.2d 1208 (La.1993); State v. Bryant, 29,344 (La.App.2d Cir. 5/7/97), 694 So.2d 556. After reviewing this record, we find no errors patent.

CONCLUSION
We find no error in the admission of the defendant's confession, and no error patent.
*99 For the reasons given above, the defendant's conviction and sentence are affirmed.
AFFIRMED.